UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MATTHEW UKERS,
*Plaintiff*,

v.

COMMISSIONER *et al.*,
*Defendants*.

No. 3:23-cv-363 (JAM)

**ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Matthew Ukers is a sentenced inmate on special parole with the Connecticut Department of Correction ("DOC"). He has filed a complaint *pro se* and *in forma pauperis* against four prison officials for deliberate indifference to his safety in connection with injuries he sustained when he fell off the top bunk of his prison cell.

Based on my initial review of the complaint, it is apparent that the complaint must be dismissed. First, Ukers concedes that he did not exhaust his administrative remedies. Second, Ukers does not allege facts to show that any of the defendants were deliberately indifferent to a serious risk of harm if he was required to occupy a top bunk. Accordingly, I will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A.

### BACKGROUND

Ukers was incarcerated at MacDougall-Walker Correctional Institution ("MWCI") but is currently on special parole at a halfway house.[1] The following facts alleged in Ukers's complaint are accepted as true for the purposes of initial review only.

---

[1] *See* Conn. State Dep't of Corr., *Inmate Information*, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=266627 [https://perma.cc/AUX7-UM7D] (accessed Apr. 7, 2023); *see generally* Doc. #1.

1

Officer Kanay ordered Ukers to use a top bunk at MWCI even though he previously had a bottom bunk pass.[2] Officer Kanay told Ukers that if he refused the top bunk, he would go to segregation and lose his job.[3] Ukers alleges that he "had to explain to C/O Kanay that it be dangerous for inmate to be on top bunk."[4] But Ukers does not say *when* he said this to Kanay or *what* he said in terms of why it would be dangerous.

Ukers fell off the top bunk while sleeping on some unspecified date.[5] He lost consciousness and landed on the back of his head, severely injuring his head and neck.[6] He now suffers from constant shaking of his hands, numbness, pain in his neck and lower back, nerve damage, and a disc compression in his neck that will require surgery and that may leave him permanently paralyzed.[7] Upon Ukers's return from the hospital, he was issued a bottom bunk pass, but as of January 1, 2023, he had a top bunk.[8] Prison medical staff and the DOC have denied his requests for a bottom bunk pass.[9]

Ukers names four defendants in their individual and official capacities: Officer Kanay, the commissioner of DOC, the warden of MWCI, and the MWCI medical director.[10] He alleges that the DOC commissioner and the warden failed to properly train their staff and that the "nurse supervisor" (presumably the MWCI medical director) is responsible for "not issuing [a] bottom bunk pass."[11] He seeks compensatory and punitive damages.[12]

---

[2] Doc. #1 at 5 (¶ 1).
[3] *Ibid.*
[4] *Id.* at 6 (¶ 5).
[5] *Id.* at 5 (¶ 1), 6 (¶ 5).
[6] *Id.* at 5 (¶ 3), 6 (¶ 7).
[7] *Id.* at 6 (¶¶ 7–9).
[8] *Id.* at 5 (¶ 4), 6 (¶¶ 6, 10).
[9] *Id.* at 6 (¶ 10).
[10] *Id.* at 1.
[11] *Id.* at 5 (¶¶ 2–4).
[12] *Id.* at 6.

## DISCUSSION

Congress by law requires that a federal court conduct an initial review of a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments they suggest. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*).[13] Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *Ibid*.

### *Failure to exhaust administrative remedies*

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions … by a prisoner … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is mandatory and it applies to all claims regarding "prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Ross v. Blake*, 578 U.S. 632, 638–39 (2016).

In the ordinary course, "[f]ailure to exhaust administrative remedies is an affirmative defense under the PLRA, not a pleading requirement." *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016). But "[a] district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement." *Ibid.*

---

[13] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

Ukers admits in his complaint that he did not exhaust MWCI's grievance process.[14] He does not claim that the administrative remedy process was unavailable to him. Instead, he claims that his failure to exhaust is "[due] to how quick the injury occurred from date [he was] told to be on top bunk."[15] This explanation does not make sense. The fact that Ukers's injury may have occurred soon after he was told to occupy a top bunk has nothing to with his ability to exhaust administrative remedies after the injury occurred. Accordingly, I will dismiss the complaint for failure to exhaust administrative remedies but without prejudice to Ukers's right to file an amended complaint if he has grounds to show that he exhausted his administrative remedies or that there is a legally adequate reason to excuse his failure to do so.

### *Failure to allege a plausible claim under the Eighth Amendment*

Ukers does not cite any laws that the defendants allegedly violated. It appears that he seeks to hold the defendants liable under the Eighth Amendment for deliberate indifference to his safety. When a sentenced prisoner claims that prison officials have been deliberately indifferent to his safety, he must first show that he faced an objectively serious risk of harm, and then he must show that the particular prison officials whom he seeks to hold liable either intentionally or recklessly disregarded this risk of serious harm. "[A] prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "Deliberate indifference is more than negligence—it requires a showing that the prison official knew of, and disregarded, an excessive risk to inmate health or safety from the

---

[14] Doc. #1 at 6 (¶ 4).
[15] *Ibid.*

challenged condition of confinement." *Edwards v. Quiros*, 986 F.3d 187, 192 (2d Cir. 2021) (internal brackets and quotation marks omitted).

Ukers claims that he previously had a bottom-bunk pass and should not have been required to sleep on the top bunk. But he does not explain why the bottom-bunk pass was issued or identify any medical condition or other reason that precluded him from sleeping in the top bunk. Most significantly, he does not allege any facts to suggest that any one of the four named defendants knew *before* he fell from the top bunk that it posed a serious risk of danger for him to sleep in the top bunk.

Therefore, Ukers has failed to allege facts to show that any of the four defendants were deliberately indifferent to his safety. Moreover, as to the DOC commissioner, the MWCI warden, and the MWCI medical director, Ukers does not show that any of them had any personal involvement with respect to requiring him to sleep on a top bunk, and the law is clear that they may not be held liable simply because of their supervisory status. *See Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020). Accordingly, I will dismiss the complaint for failure to allege plausible grounds for relief but without prejudice to Ukers's right to file an amended complaint if he has grounds to allege facts to show that any of the defendants were personally involved with the deprivation of his rights, that they knew before Ukers fell from the top bunk that he faced a serious risk of harm if he were required to sleep in the top bunk, and that they deliberately disregarded this serious risk of harm to Ukers.

## CONCLUSION

For the reasons set forth above, the Court DISMISSES the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk of Court shall close this case.

If Ukers has good faith grounds to allege facts that overcome the concerns stated in this ruling, he may file an amended complaint by **May 10, 2023**, and the Court will then re-open the case to conduct another initial review of any timely amended complaint.

It is so ordered.

Dated at New Haven this 10th day of April 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge